## CLINT BLASDELL v. STATE.

No. A.-7709.  Opinion Filed Feb. 28, 1931.
Rehearing Denied March 21, 1931.
(296 Pac. 757.)

Williams & Allen, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Atoka

county of the crime of larceny of live stock, and his punishment fixed by the jury at imprisonment in the state penitentiary for 10 years.

The evidence of the state was that on the 1st day of October, 1928, W. M. Baskett was the owner among other cattle of one dark red steer, about six months old, weight about 600 pounds, branded "A Z," open "A" on the left shoulder and "Z" on the left thigh, with right ear cropped off; that this steer was taken in Atoka county without his knowledge or consent.

George Dunafee, testifying for the state, said that he was living at Perry, Okla., with his grandfather, whose name was Price, and was there at the time of the theft of the steer in question; that about the time of the theft defendant brought two steers to his grandfather's place; that one steer had horns about four inches long, that his right ear was off, and that he had an "A" and "Z" brand on his thigh and shoulder; that the defendant and one Stanislaus, a butcher at Perry, killed this steer on his grandfather's place and later put the carcass in a Ford with a box and hauled it off; that after the steer had been butchered, defendant took a shovel and scooped up the blood; that when asked by the witness why he did this defendant answered "To keep down suspicion"; that he carried this blood down behind the barn and threw it away.

Other witnesses testified to being present at other times when defendant admitted that he had stolen this animal with others from the complaining witness.

Defendant contends, first, that this evidence was insufficient to support the verdict of the jury, but this contention is without any merit.

He next contends that the punishment assessed by the jury is excessive.

The maximum punishment provided by law is 10 years in the state penitentiary. The jury had a right to assess this punishment, since it was within the limit prescribed by law. The fact that the jury may assess the extreme penalty is no ground for reversal of the case. Where the evidence is weak, or where it discloses that it is a first offense, this court might consider such matters and reduce the punishment; but where, as in the case at bar, it appears that the defendant is engaged in the commission of crime as a business and means of livelihood, we cannot say the punishment is excessive. Certainly in aggravated cases society is entitled to be protected against further crime against it. Punishment is inflicted to restrain and reform criminals and to protect society by deterring others from committing similar offenses.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.